**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.:

CRISTINA RODRIGUEZ LOYA and AMADA
RODRIGUEZ LOYA,

     *Plaintiffs,*

v.

THE TRAVELERS PERSONAL
INSURANCE COMPANY,

     *Defendant.*

---

### NOTICE OF REMOVAL

---

Defendant, The Travelers Personal Insurance Company ("Travelers"), by and through undersigned counsel, and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 and D.C.COLO.L.Civ.R. 81.1, removes this action from the District Court, County of Adams, Colorado to the United States District Court for the District of Colorado. In support of this Notice of Removal, Travelers states as follows:

### INTRODUCTION

1.     On March 20, 2026, Plaintiffs Cristina Rodriguez Loya and Amada Rodriguez Loya, filed a Complaint in the District Court, Adams County, Colorado, styled *Cristina Rodriguez Loya and Amada Rodriguez Loya v. The Travelers Personal Insurance Company*, Case No. 2026CV30561 (the "Complaint"). A complete copy of the file from the Adams County District Court is attached as **Exhibits A-E**. Specifically, the State Court Civil Cover Sheet is **Exhibit A**,

1

the Complaint and Jury Demand is **Exhibit B**, the Summons is **Exhibit C**, the Return of Service is **Exhibit D**, and the register of actions is **Exhibit E**.

2.      This Notice of Removal is timely filed in accordance with 28 U.S.C. § 1446(b), because it was filed within one year of the commencement of this action and within thirty days of the date on which this case first became removable. Plaintiffs served their Complaint on Travelers on March 23, 2026. *See* **Exhibit D**. Accordingly, Defendant's thirty-day period for removal commenced on March 23, 2026, with a corresponding deadline to remove of April 22, 2026.

3.      "Except as otherwise expressly provided by Act of Congress, any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds a sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states."  28 U.S.C. § 1332(a)(1).

4.      This Court has jurisdiction over this action under 28 U.S.C. § 1332, and this action is removable under 28 U.S.C. § 1441(b) because this is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs. Additionally, pursuant to 28 U.S.C. § 1441, the U.S. District Court for the District of Colorado is the appropriate court for the removal of this action because it includes within it the Adams County District Court, where this action is pending.

## DIVERSITY OF CITIZENSHIP

5.    Under 28 U.S.C. § 1332(a), "the citizenship of all defendants must be different from the citizenship of all plaintiffs." *McPhail v. Deere & Co.*, 529 F. 3d 947, 951 (10th Cir. 2008).

6.    "For purposes of federal jurisdiction, an individual's state citizenship is equivalent to domicile." *Smith v. Cummings*, 445 F.3d 1254, 1259 (10th Cir. 2006) (internal citations omitted). "To establish domicile in a particular state, a person must be physically present in the state and intend to remain there." *Id*. at 1260.

7.    As alleged in the Complaint, "Plaintiffs are natural people who reside in Colorado," **Exhibit B,** ¶1, and upon information and belief, are citizens of the State of Colorado. Plaintiffs own the home located at 3225 Troy Street, Aurora, Colorado, and live in it as their primary residence. **Exhibit B,** ¶¶11–13. Upon information and belief, Plaintiffs intend to remain in Colorado indefinitely. Thus, Plaintiffs are domiciled in Colorado for purposes of diversity jurisdiction.

8.    With respect to corporations, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

9.    Travelers is a Connecticut corporation with its principal place of business in Hartford, Connecticut. **Exhibit F**. As such, Travelers is a citizen of Connecticut.

10.    As Plaintiffs are citizens of Colorado, and Defendant is a citizen of Connecticut, there is complete diversity of citizenship among the parties. 28 U.S.C. § 1332.

**AMOUNT IN CONTROVERSY EXCEEDS $75,000**

11.    This Court has diversity jurisdiction where there is diversity of citizenship among the parties and the amount in controversy exceeds $75,000 set forth in 28 U.S.C. § 1332(a) for diversity jurisdiction. The amount in controversy is satisfied when a plaintiff makes numerous claims and the remedies available under those claims make it unable to be determined with legal certainty that recovery will be less than $75,000. *Zee Med., Inc. v. Miller*, 122 Fed.Appx. 941, 943 (10th Cir. 2004) ("[g]iven the extensive claims made by [plaintiff] in its complaint and the remedies available under those claims, it cannot be said with legal certainty that [plaintiff] would recover less than $75,000 if it prevails in this matter") *citing Woodmen of the World Life Ins. Society v. Manganaro*, 342 F.3d 1213, 1216 (10th Cir. 2003). In determining whether the amount in controversy exceeds the minimum required for diversity jurisdiction, a district court may aggregate actual damages, punitive damages, attorney fees, and statutorily imposed penalties. *Washington v. Am. Fam. Mut. Ins. Co.*, 2013 WL 1412327, at *4 (D. Colo. Mar. 18, 2013) (citing *Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1340 (10th Cir. 1998)) (finding that "[t]he Supreme Court had long held that when a statute permits recover [sic] of attorney's fees a reasonable estimate may be used in calculating the necessary jurisdictional amount in a removal proceeding based upon diversity of citizenship"). Both bad faith and statutory damages pursuant to C.R.S. §§ 10-3-1115 & 1116, "are properly considered in determining the amount in controversy." *Washington*, 2013 WL 1412327, at *4; *see also Jones v. Am. Bankers Ins. Co. of Fla.*, 2011 WL 2493748, at *3 (D. Colo. June 23, 2011) (when a plaintiff requests two times the covered benefit under Unfair Practices statute, the defendant "may rely on this figure to reach the amount in controversy requirement"); *Lorenz v. Lib. Mut. Fire Ins. Co.*, 2019 WL 13196666, at *2 (D. Colo.

4

Jan. 15, 2019) (contemplating statutory double damages, common law punitive damages, and attorney's fees in determining whether amount in controversy requirement has been met).

12.     The amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. In the Complaint, Plaintiffs allege that "On or about June 4, 2024, the Property sustained a covered loss as a result of a sudden and accidental failure of plumbing system." **Exhibit B**, ¶ 17. "The sudden and accidental failure of plumbing system damaged the Property, including but not limited to the sink, kitchen appliances, drywall, paint, cabinetry and counter." **Exhibit B**, ¶ 18. According to Plaintiffs' contractors, it cost $7,505.95 to mitigate the water damage, **Exhibit G**, p. 7, and it will cost another $24,844 to repair or replace the damaged property, **Exhibit H**, p. 8, for a total of $32,349.95 in alleged contract damages. Further, Plaintiffs allege that they are "entitled to recover from Travelers two times the covered benefits plus reasonable attorney's fees and court costs." **Exhibit B**, ¶ 36. Thus, Plaintiffs total damages amount to at least $97,049.85.

13.     Accordingly, this Court has original jurisdiction over this action under 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.

## ALL PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN ESTABLISHED

14.     Based on the foregoing, this Court has jurisdiction over this action under 28 U.S.C. § 1332, because there is complete diversity between the parties and the amount in controversy exceeds $75,000.00.  Accordingly, the above-entitled action may be removed to this Court pursuant to 28 U.S.C. § 1441(a).

15.     Pursuant to D.C.COLO.L.Civ.R. 81.1, Travelers certifies that no motions are pending, and no hearings have been set in the State Case as of this date.

16.     Pursuant to Fed. R. Civ. P. 81(c), Travelers will file a responsive pleading on or before the time prescribed therein, and specifically reserves the right to assert all defenses, including those defenses under Fed. R. Civ. P. 12(b).

17.     In accordance with 28 U.S.C. § 1446(d), a Notice of Removal will be promptly filed with the District Court for Adams County, Colorado where this action was originally filed, and copies of the Notices of Removal are being served upon Plaintiffs' counsel.

18.     If any questions arise as to the propriety of the removal action, Travelers respectfully requests the opportunity to present brief oral argument in support of its position that this case is removable.

19.     Pursuant to 28 U.S.C. § 1446(a), this pleading is being signed under Fed. R. Civ. P. 11.

DATED this 22nd day of April, 2026.

CLYDE & CO US LLP

*/s/ Benjamin Owens-Filice*
Jeri J. Wettestad, Esq.
Benjamin M. Owens-Filice, Esq.
1099 18th Street, Suite 2220
Denver, CO 80202
Telephone: (303) 301-8950
Facsimile: (303) 301-8974
Jeri.Wettestad@clydeco.us
Ben.Owensfilice@clydeco.us

Amy M. Samberg, Esq.
1 North Central Avenue, Suite 1030
Phoenix, AZ 85004

6

Telephone: (480) 746-4580
Facsimile: (480) 746-4556
Amy.Samberg@clydeco.us

***Attorneys for Defendant***

## CERTIFICATE OF SERVICE

I hereby certify that, on April 22, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Maximo A. Santiago, Esq.
Your Insurance Attorney, PLLC.
90 S Cascade, Suite 1200
Colorado Springs, Colorado 80903
Phone: (719) 300-3217
YIA3@yourinsuranceattorney.com
***Attorneys for Plaintiffs***

*/s/ Michelle Prince*
Michelle Prince